monly known as " Current Events Film " under the designation of " Pathe News," to submit such reels to the motion picture commission of the state of New York to be censored prior to the exhibition thereof in a public place of amusement. The Appellate Division held that said chapter 715 of the Laws of 1921 did not contravene the provisions of the Constitution of the United States and the Constitution of the state of New York relative to the liberty of the press.

*Frederic R. Coudert, Howard Thayer Kingsbury* and *P. A. Shay* for appellant.

*Carl Sherman, Attorney-General* (*Arthur E. Rose* of counsel), for respondents.

Judgment affirmed, without costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, POUND, MCLAUGH-LIN, CRANE and ANDREWS, JJ. Absent: CARDOZO, J.

---

JEROME F. COX, an Infant, by MARTIN B. COX, His Guardian ad Litem, Appellant, *v.* ROBINS DRY DOCK AND REPAIR COMPANY, Respondent.

*Negligence — master and servant — assumption of risk of employment — when action to recover for personal injuries properly dismissed.*

*Cox* v. *Robins Dry Dock & Repair Co.,* 202 App. Div. 818, affirmed. (Submitted April 24, 1923; decided May 8, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered July 11, 1922, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant, his employer. Plaintiff was at work in the floating dry dock of the defendant, and his principal duties were to " pass " heated rivets from the " heater boy " to the " holder on," that is, from the person who heated the rivets red hot in a small forge, to the person who placed them through the rivet holes in the plates of the ship, and held them while the riveter riveted them fast. A part of his duties

was to procure coal for the heater. While doing this he was struck by a flying piece of metal occasioning the loss of his left eye. The complaint was dismissed on the grounds that the injury arose from a risk of the employment which plaintiff had assumed and that there was no failure to furnish a safe place to work or safe appliances.

*Jay S. Jones, Edward J. Fanning* and *Ralph G. Barclay* for appellant.

*Thomas J. Brennan* and *A. G. Maul* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ. Absent: CARDOZO, J.

---

COUNTY OF ST. LAWRENCE, Appellant, *v.* STATE OF NEW YORK, Respondent.

*State — when award of Court of Claims properly without interest.*

*County of St. Lawrence v. State of New York*, 199 App. Div. 944, affirmed.

(Argued April 24, 1923; decided May 8, 1923.)

APPEAL, by permission, from a judgment of the Appellant Division of the Supreme Court in the third judicial department, entered November 25, 1921, unanimously affirming a judgment of the Court of Claims refusing to claimant interest upon the amount of its claims from the date of its filing to the date of judgment. The claim herein was for the refunding to the county of St. Lawrence of taxes paid by the town of Hammond from the year 1872 to the date of the filing of the claim, and by the town of Morristown from the year 1875 to the date of the filing of the claim, upon assessments therein of the real and personal property of the Black River and Morristown Railroad Company. The state contended that the statute under which the claim was filed (L. 1904, ch. 163) provided that awards should be " without interest."

*Ledyard P. Hale* and *Charles M. Hale* for appellant.
*Charles D. Newton, Attorney-General (W. J. Wetherbee* and *Carey D. Davie* for respondent.